KIB H. WARREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM V. ROESCH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY A. P. SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2550–2552. Promulgated June 14, 1927.

*J. D. Lydick, Esq.*, and *M. C. Fox, C. P. A.*, for the petitioners.
*John D. Foley, Esq.*, for the respondent.

LOVE: These proceedings are to redetermine deficiencies in income taxes for the year 1919 in the following several amounts: Kib H.

Warren, $3,690.95; William V. Roesch, $303.74; Harry A. P. Smith, $3,165.03.

The cases were heard and submitted with the case of *Warren-Smith Hardware Co.* v. *Commissioner*, 7 B. T. A. 292, upon a single record, it being stipulated that the same evidence, in so far as material, would apply to each case.

The question at issue in the present three cases is the amount of gain realized by petitioners on their shares of stock of the Warren-Smith Hardware Co. through the receipt of a liquidating dividend upon the dissolution of that company on December 31, 1919; and the only disputed point is the value of the assets of the company when taken over by the stockholders on that date.

### FINDINGS OF FACT.

The Warren-Smith Hardware Co. was an Oklahoma corporation organized in 1908, with a capital of $20,000, and carried on a retail hardware and farming implement business in Shawnee. On December 31, 1919, the corporation was dissolved and its assets taken over by its stockholders in proportion to the amount of stock held, and the stockholders thereafter continued the business in partnership.

By agreement of counsel, there were introduced in evidence two tabulated statements showing the claims of the parties respectively as to the amount of gain realized, which are set out below:

*Respondent's statement*

| Stockholder | Par value of stock | Mar. 1, 1913 value | Amount liquidated | Liquidating profit |
|---|---|---|---|---|
| Kib H. Warren, Shawnee, Okla | $7,500.00 | $15,066.21 | $32,115.44 | $17,049.23 |
| H. A. P. Smith, Shawnee, Okla | 7,500.00 | 15,066.21 | 32,115.44 | 17,049.23 |
| Wm. V. Roesch, Shawnee, Okla | 2,000.00 | 4,017.66 | 8,564.12 | 4,546.46 |
| J. D. Howard, Tribbey, Okla | 2,000.00 | 4,017.66 | 8,564.11 | 4,546.45 |
| E. M. Miller, Oklahoma City, Okla | 1,000.00 | 2,008.82 | 4,282.06 | 2,273.24 |
| | 20,000.00 | 40,176.56 | 85,641.17 | 45,464.61 |

NOTE.—J. R. Clark owned $2,000 par value stock in 1913 but sold it to Kib H. Warren in October, 1917, for $4,000. This was the only change in stockholdings between 1913 and 1919.

*Petitioners' statement*

| Stockholder | Par value of stock | Mar. 1, 1913 value | Amount liquidated | Liquidating profit |
|---|---|---|---|---|
| Kib H. Warren, Shawnee, Okla | $7,500.00 | $15,066.21 | $23,105.59 | $8,039.38 |
| H. A. P. Smith, Shawnee, Okla | 7,500.00 | 15,066.21 | 23,105.59 | 8,039.38 |
| Wm. V. Roesch, Shawnee, Okla | 2,000.00 | 4,017.66 | 6,161.49 | 2,143.83 |
| J. D. Howard, Tribbey, Okla | 2,000.00 | 4,017.66 | 6,161.50 | 2,143.84 |
| E. M. Miller, Oklahoma City, Okla | 1,000.00 | 2,008.82 | 3,080.75 | 1,071.93 |
| | 20,000.00 | 40,176.56 | 61,614.92 | 21,438.36 |

The parties agree as to the amount of stock outstanding and its March 1, 1913, value. The controversy is over the value of the property liquidated and, hence, over the amount of liquidating profit.

The items in dispute are bills (or notes) receivable, accounts receivable, and merchandise inventory. The book value of these items on December 31, 1919, was as follows:

| | |
|---|---:|
| Bills receivable | $26,983.25 |
| Accounts receivable | 14,024.87 |
| Merchandise | 43,074.97 |

The company did a large credit business among farmers, and many of its accounts were with tenant farmers, who owned little, if any, property. It sold implements and equipment on notes secured by chattel mortgages on the articles sold. These articles depreciated rapidly in use, and the recovery value was small. Of the accounts receivable, 25 per cent arose within the preceding 6 months and the remainder were older. Of the notes receivable, not over 50 per cent were made in 1919, and the others were made in earlier years; many were renewal notes. We find the receivables had a market value on December 31, 1919, of not more than 65 per cent of the book value thereof, viz., bills receivable $17,539.11; accounts receivable $9,116.17.

The merchandise was carried in inventory at cost. About 25 per cent of it had been purchased within the preceding 6 months; the balance was purchased previously over a long period of time. The corporation had purchased several bankrupt stocks of hardware merchandise and at the time of dissolution still had some of that stock on hand. During several prior years the general trend of the market had been ascending. In the latter part of 1919 it was practically stationary.

We are unable to find from the evidence that the merchandise had a value on December 31, 1919, of less than the book figure.

*Judgment will be entered on 15 days' notice, under Rule 50.*